JOHNSON, Chief Justice, would grant rehearing.
| TI remain convinced that it was unconscionable to remand this defendant to secure confinement in a juvenile facility in order to participate in a culinary arts program, two years after a juvenile court judge found him in compliance with his plea agreement and ordered his release.
WEIMER, J., would grant the rehearing.
hThe state’s opposition fails to respond substantively to the merits and wrongfully cites Supreme Court Rule IX, § 6, which provides that “[a]n application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ.” This matter did not involve a “mere” writ grant, which is addressed by Rule IX, § 6. Instead, this court issued a per curiam opinion, for which the rule simply has no application, and does not bar rehearing. The juvenile was absolutely entitled to request a rehearing.
The state’s failure to support the merits of the per curiam underscores that the merits are insupportable and that there has been a misinterpretation of the record. There was simply no waiting list that the juvenile could sign to enter the cooking program. Despite an order by the juvenile court, the juvenile was not admitted into the program. Yet, the majority’s per curiam faults this mentally challenged juvenile for not accomplishing what the juvenile court could not accomplish and for failing to put his name on a waiting list that he was not authorized to sign.
|2According to the plea agreement,[1] the juvenile was never required to complete the cooking program. He was only required to put forth his best effort. The juvenile court heard the evidence and viewed the testimony and evidence during *198 multiple hearings, which generated 900 pages of record. The juvenile court concluded the juvenile had complied with the plea agreement. There is no abuse of discretion evident on this record if properly evaluated. I would, therefore, grant rehearing.

. Any determination that it is “significant” that the juvenile avoided transfer to adult court through the plea agreement is erroneous. The state sought and filed for transfer to adult court, which was opposed. The state dismissed its own motion to transfer during the hearing, before the plea agreement was reached.